# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

DUANE S. TRENT,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
DC-0752-20-0679-I-2

DATE: April 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Albert E. Lum, Brooklyn, New York, for the appellant.

Keith Reid, Esquire, Piscataway, New Jersey, for the appellant.

Roderick D. Eves, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal from Federal service.  Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.   Therefore, we DENY the petition for review.   Except as expressly MODIFIED to find that the agency did not commit harmful procedural error, we AFFIRM the initial decision.

¶2      On review, the appellant asserts that the agency violated his due process rights when the proposing official considered a memorandum from the Director of Human Resources summarizing the findings of the investigation into the appellant's misconduct, when the deciding official considered handwritten notes prepared by the investigator, and when the deciding official allegedly failed to investigate the appellant's allegation that he was framed.  Petition for Review File (PFR) File, Tab 1 at 7-10.  For the reasons stated in the initial decision, we agree with the administrative judge that the proposing official's consideration of the memorandum and the deciding official's consideration of the handwritten notes do not violate the appellant's right to minimum due process.  *Trent v. U.S. Postal Service*, MSPB Docket No. DC-0752-20-0679-I-2, Refiled Appeal File, Tab 12, Initial Decision (ID) at 12-15.  The administrative judge also considered

the appellant's assertion that he was framed, albeit not in the context of a due process violation, and found that the appellant's theory was not credible in light of the record evidence. ID at 18. Further, the record shows that the agency investigated whether the individual who reported the appellant's misconduct to management was biased, and therefore, the appellant's claim to the contrary is unsupported by the evidence. *Trent v. U.S. Postal Service*, MSPB Docket No. DC-0752-20-0679-I-1, Initial Appeal File, Tab 4 at 58-59, 83. In any event, the appellant responded to the proposed removal orally and in writing and he was free to put on evidence supporting his theory that he was framed. Therefore, the agency provided the appellant with minimum due process. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (stating that a public employee has a constitutional right to respond, either orally or in writing, to an appealable agency action that deprives him of his property right in employment).

¶3       Although the appellant has not proved that the agency violated his due process rights, we must still analyze whether the agency committed harmful procedural error. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377-78 (Fed. Cir. 1999) (stating that, in addition to the protections afforded by the Constitution, public employees also are entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure). To prove harmful error, the appellant must show both that the agency committed procedural error and that the error was harmful. *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 7 (2015). Regarding his inadequate investigation claim, we find that the appellant has not identified any statute, regulation, or agency procedure that would require the agency to investigate his allegations, and he has failed to meet his burden to show that the agency likely would have reached a different conclusion if some additional procedure was followed. *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991). Regarding the proposing official's consideration of the memorandum and the deciding official's consideration of the handwritten notes, we modify the initial decision to

find that any procedural error was harmless because the information considered was merely cumulative and was already known to the appellant at the time he made his oral and written replies to the proposed removal. ID at 12-15.

¶4      Finally, we acknowledge that, on review, the appellant states that his removal is a prohibited personnel practice, cites to several cases explaining confrontation and cross-examination, and quotes portions of the Board's regulation on sanctions. PFR File, Tab 1 at 4, 11-12. We find that the appellant has not explained with sufficient detail why review is warranted on these bases, and we find no reason to disturb the findings of the initial decision. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (stating that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record). The appellant's remaining arguments are challenges to the administrative judge's weighing of the evidence and credibility determinations. Mere disagreement with the administrative judge's reasoned and supported findings and credibility determinations, like those raised in the appellant's petition for review, will not warrant disturbing the initial decision, and we find no basis to do so here. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶5      Based on the foregoing, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the

U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: 

/s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.